## REILE v. BARRY.
### No. 8435.

Court of Civil Appeals of Texas. San Antonio.
May 7, 1930.

Rehearing Denied June 11, 1930.

McAskill, Williams & Alter, of San Antonio, for appellant.

Schlesinger & Schlesinger and Harry Howard, all of San Antonio, for appellee.

SMITH, J.

This action was brought by Raymond Barry against Louis Reile to recover a broker's commission upon a sale of real estate owned by Reile and sold to Robert S. Yantis. The cause was submitted to a jury upon special issues, in response to which the jury found that Reile agreed to pay Barry 5 per cent. commission upon the purchase price of the former's property if he procured a purchaser therefor, and that Barry procured such purchaser in compliance with said agreement. Upon these findings judgment was rendered in favor of Barry against Reile, who has appealed.

The only assigned error copied into appellant's brief and urged on this appeal is a complaint that the trial court erred in overruling the following objection made by Reile to the main charge: "Said charge is further objectionable and defendants assert the objection that it does not submit to the Jury the issue whether plaintiff was the agent of the purchaser of the property in question, in the sale of said property."

In connection with this objection, appellant requested the court, and the court refused, to submit to the jury the issue, "Was plantiff (Barry) in the employ of Robert S. Yantis in the transaction wherein he purchased the property described in this suit?"

We have very carefully examined and analyzed the statement of facts, and find no evidence that appellee was in any sense employed by Yantis to represent him in this transaction. It is shown that appellee was in charge of the used car department of Yantis' automobile business, and was employed as such by Yantis on a salary and commission basis. But this relation was not shown to have extended beyond that specific employment, and certainly there was no evidence that Barry's activities included any services in behalf of Yantis in the latter's real estate transaction.

The evidence is overwhelming, and the jury found, that appellant employed appellee to procure a purchaser upon a 5 per cent. commission and that appellee procured Yantis to purchase appellant's property at a price satisfactory to appellant. The deal was completed, appellant collected the purchase price. and, under the authorized findings of the jury, is liable to appellee for the agreed commission.

The judgment is affirmed.